Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | James F. Holderman |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1415 | **DATE** | 10/27/2010 |
| **CASE TITLE** | Akram vs. Napolitano, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, the defendant's motion to dismiss [8] is granted pursuant to Fed. R. Civ. P. 12(b)(1) because the court of appeals has exclusive jurisdiction over challenges to administrative removal orders.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

This matter is before the court on the defendant's motion to dismiss (Dkt. No. 8) pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the defendant's motion to dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(1) because the court of appeals has exclusive jurisdiction over challenges to administrative removal orders.

The following are the undisputed facts of this case. The plaintiff is a Pakastani citizen who entered the United States on a K-4 non-immigrant visa as a child of a K-3 visa holder. (Dkt. No. 1 ("Plaintiff's Complaint") ¶ 3.) On April 24, 2006, the plaintiff filed an adjustment of status application with the U.S. Citizenship and Immigration Service ("USCIS"), seeking to adjust her status from a K-4 non-immigrant to a legal permanent resident. (*Id*. ¶ 13.) On July 31, 2006, the USCIS denied the application. (*Id*. ¶ 14.) On or about April 17, 2007 the Department of Homeland Security placed the plaintiff in removal proceedings and on February 12, 2010 the plaintiff refiled her adjustment of status application with the immigration court. (Id. ¶ 15; Dkt. No. 13, Exhibit 2 ("Immigration Court Decision") at 3.) On March 4, 2010, the plaintiff filed this lawsuit requesting that this court: (1) declare her eligible to adjust her status to a legal permanent resident, (2) declare that 8 C.F.R. § 245(i) is *ultra vires* to the adjustment status statute, 8 U.S.C. § 1255, and (3) declare that 8 C.F.R. § 245(i) violates the Equal Protection Clause of the Fifth and Fourteenth Amendments. After this case was filed, on May 21, 2010, the immigration court denied the plaintiff's application for adjustment of status and entered an order of removal. (Immigration Court Decision at 1, 6-7.)

As the Seventh Circuit clearly stated in *Estrada v. Holder*, 604 F.3d 402 (7th Cir. 2010), this court does not have subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5) to adjudicate claims effectively challenging a removal order. The plaintiff in *Estrada*, similar to the plaintiff in this case, filed an APA and Due Process claim against the USCIS requesting that the district court vacate the USCIS's adjustment decision. *Id*. at 405. Simultaneously, the plaintiff was in removal proceedings. *Id*. The district court treated the plaintiff's complaint as a challenge to a removal order and dismissed the plaintiff's case in its entirety for lack of subject matter jurisdiction. *Id*. at 405, 408. The Seventh Circuit agreed and affirmed the district court's decision. *Id*. at 408.

|**STATEMENT**|
|---|

   This case is no different. The plaintiff's complaint seeks relief that would undermine the basis for the Immigration Court's order of removal. Pursuant to 8 U.S.C. § 1252(a)(5), this court does not have jurisdiction to adjudicate claims that challenge removal orders and the plaintiff should direct her claims, as appropriate, to the Board of Immigration Appeals or the Seventh Circuit Court of Appeals.

   In summary, this case is dismissed in its entirety for lack of subject matter jurisdiction because the court of appeals has exclusive jurisdiction over challenges to administrative removal orders.

*James F. Holderman* (signature)